UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| GARY SURGEON,<br><br>    Plaintiff;<br><br>vs.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>    Defendant(s). | Case No.: 3:17-cv-159<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:** |

Plaintiff GARY SURGEON ("Plaintiff"), alleges the following upon information and belief based upon personal knowledge:

### NATURE OF THE CASE

1. Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of CHARTER COMMUNICATIONS, INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

### JURISDICTION & VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in the United States District Court for the Western District of North Carolina pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the State of North Carolina and Plaintiff is a resident of Gaston County, North Carolina and within this judicial district.

- 1 -

COMPLAINT FOR DAMAGES
17-cv-XXXXXX

Case 3:17-cv-00159-GCM   Document 1   Filed 03/24/17   Page 1 of 7

## PARTIES

4. Plaintiff, GARY SURGEON ("Plaintiff"), is a natural person residing in North Carolina and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5. Defendant, CHARTER COMMUNICATIONS, INC. ("Defendant"), is a nationwide provider of various cable television and internet services and is a "person" as defined by 47 U.S.C. § 153 (39).

## FACTUAL ALLEGATIONS

6. Beginning in or around June of 2016, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in 4504, in an attempt to solicit Plaintiff to purchase Defendant's services.

7. Defendant utilized an "artificial or prerecorded voice" as prohibited by *47 U.S.C. § 227(b)(1)(A)* during its solicitation calls to Plaintiff.

8. Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff seeking to solicit its services.

9. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

10. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

11. During all relevant times, Defendant did not possess Plaintiff's "prior express consent" with Plaintiff to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*. While Plaintiff was at one time several years ago a customer of Defendant, Plaintiff terminated Defendant's services and never renewed said services nor contacted Defendant seeking to renew said services.

12. Defendant placed multiple calls soliciting its marketing business to Plaintiff on

his cellular telephone ending throughout June of 2016, approximately ten (10) such calls.

13. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

14. Plaintiff received numerous solicitation calls from Defendant within a 12-month period.

15. Plaintiff alleges on information and belief that Defendant employs scraping technology to collect phone numbers of past customers, in an effort to generate sales. However, Defendant uses automated prerecorded voice technology to place these calls, without obtaining the prior express consent of the recipient of the call.

16. Further, Plaintiff's cellular telephone number was added to the National Do-Not-Call Registry several years ago.

17. Despite this, Defendant continued to call Plaintiff in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA as described in 16 C.F.R. 310.4(b)(iii)(B).

18. Upon information and belief, and based on Plaintiff's experiences of being called by Defendant even though his number had been on the Do-Not-Call registry, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

19. As a result of Defendant's alleged violations of law by placing these automated telephone calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

      a. Invading Plaintiff's privacy;

      b. Electronically intruding upon Plaintiff's seclusion;

      c. Intrusion into Plaintiff's use and enjoyment of his cellular telephone;

      d. Impermissibly occupying minutes, data, availability to answer another call, and

various other intangible rights that Plaintiff has as to complete ownership and use of his cellular telephone;

e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted telephone calls and attempting to stop Defendant's unwanted telephone calls.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b).**

20. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-19.

21. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

22. As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

23. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

24. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

26. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

27. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

28. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-27.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, and in particular *47 U.S.C. § 227 (c)(5)*.

30. As a result of Defendant's negligent violations of *47 U.S.C. § 227(c)*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

31. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

### FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant

to *47 U.S.C. 227(b)(3)(B)*.

- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(c)(5)*, Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(c)(5)*.

- Any and all other relief that the Court deems just and proper.

- Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 24th Day of March, 2017.

        **MAGINNIS LAW, PLLC**
        *Counsel for Plaintiff*

BY: /s/ *Karl S. Gwaltney*
     EDWARD H. MAGINNIS
     N.C. State Bar No. 39317
     KARL S. GWALTNEY
     N.C. State Bar No. 45118

4801 Glenwood Avenue, Suite 310
Raleigh, North Carolina 27612
Telephone: 919.526.0450
Fax: 919.882.8763
emaginnis@maginnislaw.com
kgwaltney@maginnislaw.com